UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-139 (DSD/DTS)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DENIS VLADMIROVICH MOLLA,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant Denis Vladmirovich Molla (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges.** The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with Wire Fraud, in violation of 18 U.S.C. § 1343. The defendant fully understands the nature and elements of the crime with which he has been charged. At the time of sentencing, the government agrees to move to dismiss the remaining count of the Indictment.

2.    **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count One of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

From at least in or about September 2020 through at least in or about July 2021, in the State and District of Minnesota and elsewhere, the defendant did knowingly and intentionally devise and execute a scheme and artifice to defraud and to obtain money from Victim Insurance Company A and from GoFundMe donors by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts.

During the time period charged in the indictment, the defendant was a resident of Brooklyn Center, Minnesota. Victim Insurance Company A was a company based in Bloomington, Illinois, that sold home and auto insurance. The defendant purchased multiple insurance policies from Victim Insurance Company A for his home and vehicles. GoFundMe was a crowdfunding web-based platform headquartered in Redwood City, California, that allowed people to raise money for other people undergoing life events such as celebrations, accidents, and injuries.

The object of the scheme to defraud was to file, or cause to be filed, one or more fraudulent insurance claims with Victim Insurance Company A seeking payment of money to the defendant for property damage and other losses relating to a September 23, 2020 fire that the defendant started on his own property, and thereby enrich himself.

It was part of the scheme to defraud that on or about September 23, 2020, the defendant falsely reported to law enforcement that someone lit his camper on fire, that three unknown males were near his home when he heard an explosion, that his garage door was vandalized with spray painted graffiti stating "Biden 2020," "BLM,"

and an Antifa symbol, and that his camper was targeted because it had a Trump 2020 flag displayed on it. In reality, as the defendant well knew, the defendant started his own property on fire, the defendant spray painted the graffiti on his own property, and there were no unknown males near his home.

It was further part of the scheme to defraud that the defendant submitted multiple insurance claims to Victim Insurance Company A seeking coverage for the damage to his garage, camper, vehicles, and residence caused by the fire. When Victim Insurance Company A denied some of those claims, the defendant submitted a written complaint to Victim Insurance Company A claiming that it was defrauding him. The defendant also threatened to report Victim Insurance Company A to the Department of Commerce and the Attorney General.

Specifically, on or about October 22, 2020, for the purpose of executing and attempting to execute his scheme and artifice to defraud, the defendant knowingly transmitted and caused to be transmitted by means of a wire communication in interstate commerce an email from the defendant to Victim Insurance Company A's Adjuster entitled "Dennis Molla Arson Hate Crime September 23."

It was further part of the scheme to defraud that the defendant created and permitted other people to create two GoFundMe accounts to benefit the defendant and his family. The defendant provided written comments on both GoFundMe accounts documenting the property losses that he suffered, thanking the numerous donors, and reiterating his threats to Victim Insurance Company A. The defendant

withdrew thousands of dollars donated to the two GoFundMe accounts and deposited the donated money into his personal Wells Fargo bank account.

In total, as a result and in furtherance of his scheme to defraud, the defendant made a claim for more than $300,000, and he received approximately $61,000 in payments from Victim Insurance Company A. In addition, the defendant received more than $17,000 from individual donors via GoFundMe.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to

persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences.** The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties.** The defendant understands that Count One of the Indictment (Wire Fraud, in violation of 18 U.S.C. § 1343) is a felony offense that carries the following statutory penalties:

   a. a maximum of 20 years in prison;

   b. a maximum supervised release term of 3 years;

   c. a maximum fine of $250,000 or twice the gross gain or loss caused by the offense, whichever is greatest;

   d. restitution as agreed to by the parties in this agreement;

   e. assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

   f. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and

   g. the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

7. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

   a. Base Offense Level. The parties agree that the base offense level is 7. U.S.S.G. § 2B1.1(a)(1).

   b. Specific Offense Characteristics. The parties agree that the offense level should be increased by **12** levels because the loss amount was more than $250,000 but less than $550,000. U.S.S.G. § 2B1.1(b)(1)(G). The parties agree that the offense should be increased by **2** levels because the offense involved 10 or more victims. U.S.S.G. § 2B1.1(b)(2)(A)(i). The parties agree that the offense should be increased by **2** levels because it involved the conscious or reckless risk of death or serious bodily injury. U.S.S.G. § 2B1.1(b)(16)(A). The parties agree that no other specific offense characteristics apply.

   c. Chapter 3 Adjustments. The parties agree that the offense level should be increased by **2** levels because the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct. Specifically, the defendant provided a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense. U.S.S.G. § 3C1.1. The parties agree that, other than acceptance of responsibility, no additional Chapter 3 adjustments apply.

   d. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As

6

the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report.

e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f. <u>Guidelines Range</u>. If the adjusted offense level is **22**, and the criminal history category is **I**, the Sentencing Guidelines range is **41 to 51 months of imprisonment**.

g. <u>Fine Range</u>. If the adjusted offense level is 22, the Sentencing Guidelines fine range is $15,000 to $150,000. U.S.S.G. § 5E1.2(c)(3).

h. <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least one year up to a maximum supervised release term of three years. U.S.S.G. § 5D1.2(a)(2).

8. **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing

party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Restitution Agreement.** The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of his crimes. The defendant agrees that he owes restitution and agrees that the Court shall order him to pay restitution in an amount up to $22,231 to identified victims who made donations to the defendant via GoFundMe.

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any

releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14.   **Forfeiture.**   The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the wire fraud scheme charged in Count 1 of the indictment. The United States reserves its right to seek the direct forfeiture of specific assets, a money judgment forfeiture against the defendant, and the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

15.   **Waivers of Appeal and Collateral Attack.**   The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above the high end of the Guidelines range determined by the district court. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below the low end of the Guidelines range determined by the district court.

16.  **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17. **Complete Agreement.** The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 10/11/2022

BY: Angela M. Munoz
Kimberly A. Svendsen
Assistant United States Attorneys

Date: 10/11/2022

Denis Vladmirovich Molla
Defendant

Date: Oct 11, 2022

Ryan Garry, Esq.
Counsel for Defendant